DIRECTV, INC., Plaintiff,

v.

Richard **BASS**, Emma **Broadnax** Charles E. **Brumfield**, Rayford **Cauble**, Donnie **Curry**, Clarence **Laughlin**, Jonathan **McCravey**, Jerry **Poe**, and Arnold **Pugh**, Defendants.

No. 1:03CV00448.

United States District Court, M.D. North Carolina.

Oct. 12, 2004.

Alex John Hagan, Brian J. Schoolman, Julia Furr Youngman, Stephen C. Keady, Leslie C. O'Toole, Ellis & Winters, LLP, Raleigh, NC, for Plaintiff.

Michael A. Kornbluth, Durham, NC, for Defendants.

## ORDER

OSTEEN, District Judge.

On August 5, 2004, in accordance with 28 U.S.C. § 636(b), the Recommendation of the United States Magistrate Judge was filed and notice was served on Plaintiff and a copy was given to the court.

Within the time limitation set forth in the statute, Plaintiff objected to the Recommendation.

The court has appropriately reviewed the portions of the Magistrate Judge's report to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's report. The court hereby adopts the Magistrate Judge's Recommendation.

**IT IS THEREFORE ORDERED** that Defendants Curry, Pugh and Laughlin's motions to dismiss (docket nos. 6, 24, & 26) be **GRANTED IN PART** and **DENIED IN PART**. The motions are **DENIED** as to Count 2, the § 2511 claim, and **GRANTED**

as to Count 3, the § 2512 claim and Count 5 alleging conversion under North Carolina state law.

## JUDGMENT

For the reasons set forth in the Order filed contemporaneously with this Judgment,

**IT IS HEREBY ORDERED AND ADJUDGED** that Defendant Defendants Curry, Pugh and Laughlin's motions to dismiss (docket nos. 6, 24, & 26) be **GRANTED IN PART** and **DENIED IN PART**. The motion is **DENIED** as to Count 2, the § 2511 claim, and **GRANTED** as to Count 3, the § 2512 claim and Count 5 alleging conversion under North Carolina state law.

## *ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE*

DIXON, United States Magistrate Judge.

This matter was referred to the undersigned on motions to dismiss filed by Defendants Donnie Curry, Arnold Pugh, and Clarence Laughlin (docket nos. 6, 24, and 26). Also pending before the court is Plaintiff's motion for leave to amend the complaint to dismiss its claim arising under 18 U.S.C. § 2512 and to add three state law claims (docket no. 56).

Plaintiff DIRECTV, Inc. ("DIRECTV") is an electronic communications company that provides satellite television programming to subscribers. DIRECTV brought this action alleging that Defendants purchased and used illegal pirate access devices to gain unauthorized access to DIRECTV's scrambled television programming. DIRECTV has brought many such cases in this district.

Plaintiff has set forth a number of causes of action in its complaint, and Defendants now test several of these claims by means of a Rule 12(b)(6) motion to dismiss for failure to state a claim. Specifically, Defendants move to dismiss Counts 2, 3, and 5 of the complaint. This court has entertained a large number of similar motions to dismiss in other cases brought by DIRECTV, and judges of this court have filed numerous Recommendations and Orders addressing these motions to dismiss. Because all of the legal issues raised by the motions to dismiss have been recently and persuasively dealt with by the judges of this court, the undersigned will not extensively address once again issues that have already been determined by the court. Rather, the court will, in part, adopt by reference other decisions within this court that resolve the motions to dismiss filed by Defendants.

Accordingly, **IT IS RECOMMENDED** that:

1. The motion to dismiss Count 2, brought pursuant to 18 U.S.C. § 2511 be denied for the reasons stated by the court in *DIRECTV v. Ingram,* 1:03CV00455 (M.D.N.C. Feb. 2, 2004, Recommendation), *adopted,* Apr. 27, 2004.

2. The motion to dismiss Count 3, brought pursuant to 18 U.S.C. § 2512 be granted for the reasons stated by the court in *Ingram,* supra.

3. The motion to dismiss Count 5, alleging conversion under North Carolina state law be granted for the reasons stated in *Ingram,* supra.

As for Plaintiff's motion to amend the complaint to drop its § 2512 claim and to add three state law claims, Defendants have not opposed the motion, and the time to do so has expired. For this reason, the motion to amend is granted. I note that, in any event, the § 2512 claim will be dismissed if the court adopts this recommendation.

August 5, 2004.